UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TOMMY RYALS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Nos. 1:05-cv-238 / 1:03-cr-176 |
| ) | Judge Edgar |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. | |

## MEMORANDUM

Federal prisoner Tommy Ryals has made a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Ryals claims he was deprived of his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The United States government opposes the § 2255 motion. After reviewing the record, the Court concludes that the § 2255 motion will be denied. The record conclusively shows that Ryals is not entitled to relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

Ryals entered a guilty plea to the indictment. During the sentencing phase, Ryals raised several objections to the Presentence Report (PSR) prepared by the Probation Office. This Court considered each of the objections. The Court's ruling on the objection to paragraph 26 of the PSR was adverse to Ryals and had an impact on the calculation of his sentencing guideline range. Ryals now makes a vague, conclusory allegation that he asked his counsel, Assistant Federal Defender Anthony Martinez, to take an appeal to the Sixth Circuit Court of Appeals concerning the sentence imposed and the Court's rulings on the objections to the PSR but counsel did not file an appeal. Ryals' bare, conclusory allegation that he asked his counsel to file an appeal is not supported by any

1

specific facts and details.

The Court ordered Ryals to supplement the record, and afforded him an opportunity to present sufficient facts and proof to make out a viable ineffective assistance of counsel claim. However, Ryals has not complied with the order to supplement the record, and he has abandoned the § 2255 motion. Moreover, Ryals has not met his burden of presenting specific facts necessary to make out a viable *prima facie* claim that he requested or instructed his counsel to file an appeal.

**I.      Standard of Review**

A federal prisoner may file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. To warrant relief under § 2255 based on an alleged constitutional error, Ryals bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

**II.     Facts**

On October 12, 1999, a Chattanooga police officer stopped a motor vehicle for a traffic violation. As the police officer approached the driver's side of the vehicle, Tommy Ryals exited the passenger side and walked toward the rear of the vehicle. Although the officer ordered Ryals to halt, Ryals refused to stop. When the officer approached him, Ryals threw down on the ground a plastic bag containing numerous rocks of crack cocaine and Ryals was arrested. A laboratory report established that the crack cocaine weighed a total of seven grams.

2

On August 13, 2003, a federal grand jury in Chattanooga returned a one-count indictment against Ryals charging that he possessed with intent to distribute five grams or more of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Ryals entered a guilty plea and a sentencing hearing was scheduled.

In the PSR, the probation officer determined that the base guideline offense level was 26 based on the amount of cocaine base (crack). This was reduced three levels to an offense level of 23 due to Ryals' guilty plea and his acceptance of responsibility. However, the PSR provided that Ryals was a career offender under U.S.S.G. §4B1.1 based upon a prior aggravated assault conviction and a prior felony drug conviction, all of which resulted in a total offense level of 31. Ryals had 12 criminal history points initially placing him in criminal history category V. The PSR calculated that because Ryals was considered a career offender, his criminal history category was VI and his guideline sentencing range was 188 to 235 months.

At the sentencing hearing on August 31, 2004, Ryals objected to being classified as a career offender. Paragraph 22 of the PSR stated that Ryals had a prior felony conviction on December 17, 1997, for aggravated assault in Fulton County, Georgia. But Ryals flatly denied that he was the person convicted on this aggravated assault charge. The United States Attorney had documents showing that the person convicted on the aggravated assault charge had the same name, date of birth and social security number as Tommy Ryals. However, after diligent investigation, the government conceded that it was unable to obtain any further proof – photograph or fingerprints – confirming the identity of the person who was convicted on December 17, 1997, for aggravated assault in Fulton County, Georgia. This Court ruled in Ryals' favor on this particular objection. The Court decided not to rely on the aggravated assault conviction and determined that Ryals would not be sentenced

as a career offender under U.S.S.G. §4B1.1. There is no logical reason why Ryals would want to appeal the favorable decision by the Court sustaining his objection to paragraph 22 of the PSR.

Next, during the August 31, 2004, sentencing hearing Ryals objected to paragraph 23 of the PSR which stated that he had been convicted on April 1, 1999, in Fulton County, Georgia, on a felony charge of theft by taking. Again, Ryals denied that he was the person so convicted. The Court determined it was unnecessary to rule on this objection because it did not make any difference in calculating Ryals' criminal history. Regardless of whether Ryals' was or was not convicted on April 1, 1999, in Fulton County, Georgia, on a felony charge of theft by taking, he still had a criminal history category V and the objection to paragraph 23 of the PSR had no effect on calculating the correct sentencing guideline range. Because the Court did not make a decision adverse to Ryals on his objection to paragraph 23 of the PSR and because there was no adverse impact on the correct calculation of his sentencing guideline range, there is no reason why Ryals would need or want to take an appeal from the Court's decision.

Next, Ryals objected to paragraph 26 of the PSR which stated that he had been convicted on May 25, 1999, in Fulton County, Georgia, on a felony charge of possession with intent to distribute marijuana. Ryals contended that he had only been convicted a lesser included misdemeanor offense of simple possession of marijuana but Ryals offered no proof to support his position. The Court denied Ryals' objection to paragraph 26 of the PSR. The Court found the record established that Ryals was in fact convicted on a felony charge of possession with intent to distribute marijuana and not a lesser included misdemeanor of simple possession.

After resolving the objections to the PSR, the Court determined that Ryals had a total offense level of 23 with a criminal history category V which resulted in a guideline sentencing range of 84

4

to 105 months. On August 31, 2004, the Court sentenced Ryals to be imprisoned for a term of 105 months plus a term of four years supervised release.

**II.     28 U.S.C. § 2255 Motion**

On page 5 his § 2255 motion, Ryals makes the following allegation: "Petitioner instructed counsel to file a notice of appeal on his behalf to appeal the district court's denial of his objections at sentencing and counsel failed to do so." Ryals also submits a statement made under penalty of perjury pursuant to 28 U.S.C. § 1746 which asserts: "I ask counsel, Anthony Martinez, to file a notice of Appeal and to pursue an appeal of the courts disposition of the objections made at sentencing."

On December 11, 2007, this Court entered an order stating that Ryals' bare allegation that he instructed his counsel to file an appeal is too vague, conclusory, and lacking in details. The Court ordered that on or before February 1, 2008, Ryals shall file a written statement signed under penalty of perjury pursuant to 28 U.S.C. § 1746 setting forth a specific, detailed explanation of all the facts and circumstances concerning the date, place, and manner in which Ryals claims that he asked attorney Anthony Martinez to file an appeal. If Ryals contends that he gave written instructions to his counsel, then Ryals shall attach to his statement a copy of any and all letters or documents showing that Ryals gave instructions to counsel to file an appeal. Furthermore, the Court ordered Ryals to expressly state whether he waives the attorney-client privilege and allows attorney Anthony Martinez to provide the Court with his affidavit. The order states that in reviewing the § 2255 motion and making a determination whether it is necessary to have an evidentiary hearing, the Court wants to obtain the affidavit of Anthony Martinez. The order gave notice to Ryals that if he failed to comply, then his § 2255 motion may be dismissed.

Ryals has not timely complied with the December 11, 2007, order to supplement the record. The Clerk of the District Court mailed a copy of the order to Ryals and it is clear that Ryals received it. On January 2, 2008, the Clerk of the District Court received a handwritten letter from Ryals giving notice of his change of address. In this letter, Ryals indicates that on December 19, 2007, he received by mail the copy of the December 11, 2007, order to supplement the record. Ryals requested a little more time to prepare his response. This is the last communication that the Court has received from Ryals concerning his § 2255 motion. More than one year has elapsed. Ryals has had ample opportunity to comply with the December 11, 2007, order to supplement the record but he has failed or neglected to do so.

While his § 2255 motion has been pending in this Court, Ryals filed a separate motion on June 16, 2008, pursuant to 18 U.S.C. § 3582(c) to modify and reduce his sentence of imprisonment based on a retroactive application of Amendments 706 and 711 to the United States Sentencing Guidelines. On August 18, 2008, this Court granted the motion pursuant to 18 U.S.C. § 3582(c). The Court reduced Ryals' sentence of imprisonment from 105 months to 87 months. Based on the combination of the intervening reduction of sentence under 18 U.S.C. § 3582(c) and Ryals' complete failure to comply with the order to supplement the record in his § 2255 proceeding, the Court infers that Ryals no longer desires to pursue his instant § 2255 motion. Under these circumstances, the Court deems Ryals to have abandoned his § 2255 motion.

### III. Analysis

If a criminal defendant requests or instructs his counsel to file a direct appeal from a judgment of conviction and sentence, and if defense counsel thereafter fails to file the appeal, it constitutes ineffective assistance of counsel and is a *per se* violation of the defendant's Sixth

Amendment right to counsel, regardless of whether the appeal would have successful or futile. With regard to the failure of defense counsel to comply with a criminal defendant's specific request or instruction to file an appeal, the likelihood of success on appeal is not a factor in determining whether the defendant has received ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Cummings v. United States*, 84 Fed. Appx. 603, 605 (6th Cir. 2003); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Garner v. United States*, 2006 WL 2585066, * 9 (E.D. Tenn. Sept. 5, 2006).

This line of precedent does not afford any relief to Ryals in this case. The Court concludes that the § 2255 motion by Ryals will be denied for the following reasons.

First, the motion will be denied because Ryals has not complied with the Court's December 11, 2007, order to supplement the record. Ryals' vague, conclusory allegation that he asked or instructed his counsel to file an appeal is not supported by any specific facts and details. On December 11, 2007, the Court ordered Ryals to supplement the record with a more detailed statement of facts. Ryals was further ordered to state whether he waives the attorney-client privilege which would allow attorney Anthony Martinez to provide the Court with his affidavit. The order gave explicit notice to Ryals that if he fails to comply, then his § 2255 motion may be dismissed.

For whatever reason, Ryals has failed, neglected, or refused to comply with the December 11, 2007, order to supplement the record. Accordingly, the § 2255 motion will be dismissed on the ground that Ryals has failed to comply with the order. *Gardner v. United States*, 178 F.3d 1294 (text at 1999 WL 232693, * 2 (6th Cir. April 15, 1999)). In the absence of a satisfactory response from Ryals to the order to supplement the record, the Court deems him to have abandoned his § 2255 motion.

Furthermore, Ryals has not met his burden of presenting specific facts necessary to make out a viable *prima facie* claim that he actually requested or instructed his counsel to file an appeal. Ryals' claim is far too vague, conclusory, and lacking in substantive factual details to entitle him to an evidentiary hearing and relief under 28 U.S.C. § 2255. The burden is on Ryals to articulate and plead sufficient facts to state a claim under § 2255. Mere conclusions, which are not substantiated by allegations of fact with some probability of verity, are insufficient to warrant an evidentiary hearing. Because Ryals' § 2255 motion merely asserts a vague, general conclusion without sufficient substantiating allegations of fact, the motion fails to state a viable claim and is without merit. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Stamper v. United States*, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008); *Garnica v. United States*, 361 F. Supp.2d 724, 735 (E.D. Tenn. 2005); *United States v. Cook*, 2005 WL 1429303, * 2 (E.D. Tenn. Feb. 11, 2005).

**IV.    Conclusion**

Accordingly, the motion by federal prisoner Tommy Ryals for post-conviction relief pursuant to 28 U.S.C. § 2255 will be **DENIED** and **DISMISSED WITH PREJUDICE.** A separate judgment will enter.

SO ORDERED.

ENTER this the 6th day of March, 2009.

      */s/ R. Allan Edgar*
      R. ALLAN EDGAR
      UNITED STATES DISTRICT JUDGE

8